IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | 2:09-cv-02335-GEB-DAD |
| Plaintiff, | ) ) | STATUS (PRETRIAL SCHEDULING) ORDER |
| v. | ) ) | |
| WAL-MART, INC., | ) ) | |
| Defendant.[1] | ) ) | |

The status (pretrial scheduling) conference scheduled for December 14, 2009 is vacated since the parties indicate in the Joint Status Report filed on November 30, 2009 that the following Order should issue.

### DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 10 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed August 21, 2009, at 2 n.2 (indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

DISCOVERY

All discovery shall be completed by January 21, 2011. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before August 23, 2010, and with any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before September 23, 2010.

MOTION HEARING SCHEDULE

The last hearing date for motions shall March 21, 2011, at 9:00 a.m.[3] A motion shall be noticed for hearing on the court's regularly scheduled law and motion calendar.

---

[2] The Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 302(c)(1). A party conducting discovery near the discovery "completion" date risks losing the opportunity to have a judge resolve a discovery dispute concerning that discovery.

[3] This does not apply to motions for temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  The parties are cautioned that an untimely motion
2 characterized as a motion in limine may be summarily denied.  A motion
3 in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for May 23, 2011 at 2:30 p.m.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each party and by any unrepresented party.

The parties are warned that <u>non-trial worthy issues could be eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." <u>Portsmouth Square v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a <u>JOINT</u> pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[4] The parties shall include in the joint pretrial statement: (1) a list of the remaining claims against each defendant; (2) a list of the remaining affirmative defenses; and (3) the estimated number of trial days.[5]  Further, in accordance with Local Rule 281(b)(3)-(4), the parties shall providing a plain, concise statements of

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[5] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

3

1  undisputed facts that can be read to the jury before opening
2  statements, or used by the judge in deciding a bench trial; and a
3  concise statement of disputed factual issues pertinent to the claims
4  and affirmative defenses to be tried. If the case is to be tried to a
5  jury, the parties shall also prepare a succinct statement of the case,
6  which is appropriate for the court to read to the jury during voir
7  dire.
8           The Court uses the parties' joint pretrial statement to
9  prepare its final pretrial order and could issue the final pretrial
10 order without holding the scheduled final pretrial conference.  See
11 Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
12 requirement that the court hold a pretrial conference.").  The final
13 pretrial order supersedes the pleadings and controls the facts and
14 issues which may be presented at trial.  Issues asserted in pleadings
15 which are not preserved for trial in the final pretrial order cannot
16 be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,
17 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
18 pretrial order are eliminated from the action."); Valley Ranch Dev.
19 Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
20 issue omitted from the pretrial order is waived, even if it appeared
21 in the pleading); cf. Raney v. Dist. of Columbia, 892 F. Supp. 283
22 (D.D.C. 1995) (refusing to modify the pretrial order to allow
23 assertion of a previously-pled statute of limitations defense);
24 Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)
25 (indicating that "[a]ny factual contention, legal contention, any
26 claim for relief or defense in whole or in part, or affirmative matter
27 not set forth in [the pretrial statement] shall be deemed . . .
28

withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on August 23, 2011.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated:  December 8, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge